UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **MISSI ESTES,** <br>     **Plaintiff** <br> <br> v. <br> <br> **PINELAND FARMS, INC.,** <br>     **Defendant** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**
29 U.S.C. §§ 201, *et seq*.
26 M.R.S.A. §§ 621-A, 626, 626-A
26 M.R.S.A. §§ 664, 670

NOW COMES the above named Plaintiff MISSI ESTES (hereinafter "Ms. Estes" or "Plaintiff") and, by and through her attorneys, makes the following Complaint against Defendant PINELAND FARMS, INC. (hereinafter "Pineland" or "Defendant"):

**INTRODUCTION**

Plaintiff brings this action against her former employer to recover damages in the form of back wages relating to Defendant's failure to compensate her for all hours which she worked during her employment and to have all those hours included for the purpose of calculating her overtime wage entitlement as a non-exempt employee, and failing to pay unpaid wages upon cessation of employment. Defendant has failed to compensate Plaintiff for unpaid wages, including overtime wages, in accordance with their agreement with Defendant or within a reasonable time after Defendant received Plaintiff's demand for payment of wages owed. Plaintiff seeks compensation, damages, equitable and other relief available under the Fair Labor Standards Act ("F.L.S.A."), as amended, 29 U.S.C. § 201 *et seq*. Additionally, Plaintiff alleges herein that Defendant has violated 26 M.R.S.A. §§ 621-A, 626, and 664 and, therefore, Plaintiff is entitled to the statutory remedies available under 26 M.R.S.A. §§ 626-A and 670.

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Missi Estes is a Maine resident who was employed by Defendant from December 21, 2005 to March 11, 2010.

2. Defendant Pineland Farms, Inc. is a non-profit corporation organized and existing under the laws of the State of Maine, with a principal place of business in New Gloucester, Cumberland County, Maine.

3. Defendant was Plaintiff's former employer under the Fair Labor Standards Act ("F.L.S.A."), 29 U.S.C. §201, *et seq.,* and Title 26, chapter 7, of the Maine Revised Statutes.

4. At all relevant times, Defendants' annual gross volume of sales made or business done was not less than $500,000.

5. Defendants, at all relevant times, regularly employed more than 10 individuals.

6. Jurisdiction in this federal court is appropriate because Plaintiff asserts a claim arising under a law of the United States, 29 U.S.C. §201, *et seq*.

7. Ms. Estes was hired to work for Defendant as a receptionist working 40 hours per week beginning December 21, 2005. At time of hire, her wages were $13.50 per hour. In March 2010, when she was terminated, her wages were $16.50 per hour.

8. Ms. Estes regularly received bi-weekly paychecks for having worked 40 hours per week, even when she worked more than forty (40) hours in the work week.

9. Although Ms. Estes regularly worked in excess of forty (40) hours per week, she was not always paid for the hours she worked in excess of forty (40) hours (i.e., overtime), in violation of state and federal wage and hour laws.

10. Plaintiff, at various times, reported to Defendant that she worked in excess of forty (40) hours in a work week and Defendant did not pay Plaintiff for those overtime hours at the rate required by state and federal wage and hour laws.

11. Defendant willfully violated federal and Maine laws as to wages remitted to Plaintiff.

12. Plaintiff is a victim of Defendant's repeated and consistent illegal policies that have resulted in violation of her rights under federal and state wage and hour laws and have caused significant damage to Plaintiff.

13. Plaintiff sent a written demand in accordance with 26 M.R.S.A. §626 and 626-A for payment of wages upon cessation of employment, but Defendant refused and continues to refuse to pay those wages in a timely manner after demand. A copy of the demand is attached hereto as Exhibit A.

14. Defendant, even after receiving notice of wage violations, refused to pay Plaintiff her full wages owed and the full wages owed upon cessation of employment.

15. Defendant has willfully engaged in a pattern of violating federal and state wage and hour laws as described in this complaint in ways including, but not limited to, failing to pay Plaintiff for all hours worked and failing to pay Plaintiff wages on hours worked in excess of forty (40) hours at the appropriate overtime rate.

16. Defendant's conduct constitutes a willful violation of the F.L.S.A., within the meaning of 29 U.S.C. §255(a).

## CAUSES OF ACTION

### COUNT I- Failure to Pay All Wages Earned
### 26 M.R.S.A. §621-A

17. Plaintiff hereby repeats, realleges, and incorporates by reference the forgoing paragraphs 1-16 of this Complaint.

18. Plaintiff's compensation was to include wages for all hours worked in the employ of Defendant.

19. Defendant has refused to tender payment of Plaintiff's unpaid wages related to hours worked in excess of a set eight (8) hour daily schedule, in violation 26 M.R.S.A. §621-A.

20. Defendant received Plaintiff's demand for payment but refused, and continues to refuse, to tender payment within the requisite statutory period and, therefore, Defendant violated 26 M.R.S.A. §626-A, entitling Plaintiff to all available statutory remedies including unpaid wages, liquidated damages, costs, interest and attorneys' fees.

WHEREFORE, Plaintiff, by and through her counsel, respectfully request that this Court enter judgment in her favor and against Defendant for an amount equal to Plaintiff's unpaid back wages; judgment that Defendant failed to make timely payment of wages owed after demand was made; an award which equals two times the unpaid wages as liquidated damages; a reasonable rate of prejudgment interest; all costs and attorneys' fees incurred in prosecuting these claims; for damages, liquidated damages, prejudgment interest, and all available civil penalties; for all such other legal and equitable relief available pursuant to applicable law; and for all such relief as the Court deems just and equitable.

### COUNT II- Payment of Wages Owed
### Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

21. Plaintiff hereby repeats, realleges, and incorporates by reference the forgoing paragraphs 1-20 of this Complaint.

22. This claim arises from Defendant's willful violation of the F.L.S.A., 29 U.S.C. §201, *et seq.*, for failure to pay Plaintiff for all her hours worked and the overtime wage to which she was entitled.

23. At all times relevant, Defendant was and is an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the F.L.S.A., 29 U.S.C. §201, *et seq*. At all times relevant, Defendant employed employees, including Plaintiff, who engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

24. The wage provisions of the F.L.S.A., 29 U.S.C. §201, *et seq*. apply to Defendant and protect Plaintiff.

25. Pursuant to the F.L.S.A., 29 U.S.C. §201, *et seq*., Plaintiff was entitled to be compensated for all hours that she worked.

26. By failing to compensate Plaintiff for all the hours she worked or at the overtime rate she to which she was entitled, Defendant violated her statutory rights under F.L.S.A., 29 U.S.C. §206 and 29 CFR 531.35.

27. The forgoing conduct, as alleged, constitutes a willful violation of the F.L.S.A., within the meaning of 29 U.S.C. §255.

28. Plaintiff seeks damages in the amount of her respective unpaid wages, liquidated damages as provided under F.L.S.A., 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court deems proper.

29. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the F.L.S.A., 29 U.S.C. §216.

WHEREFORE, Plaintiff, by and through her counsel, respectfully requests that this Court enter judgment in her favor and against Defendant for an amount equal to Plaintiff's unpaid back wages; judgment against Defendant that its violation of the FLSA was willful; an award which

equals the unpaid wages as liquidated damages; to the extent liquidated damages are not awarded, an award of prejudgment interest; all costs and attorneys' fees incurred in prosecuting these claims; for damages, liquidated damages, all available civil penalties, prejudgment interest; for all such other legal and equitable relief available pursuant to applicable law; and for all such relief as the Court deems just and equitable.

### COUNT III- Overtime Wages
### 26 M.R.S.A. §664

30. Plaintiff hereby repeats, realleges, and incorporates by reference the forgoing paragraphs 1-29 of this Complaint.

31. Plaintiff was an employee of Defendant within the meaning of 26 M.R.S.A. §663.

32. Pursuant to 26 M.R.S.A. §664, Plaintiff was entitled to be paid 1.5 times her regular hourly rate of pay for all time she worked in excess of forty (40) hours in a work week.

33. Defendant's payroll practice relative to its failure to pay Plaintiff the statutory hourly and overtime wage for all hours worked stands as a violation of 26 M.R.S.A. §664.

34. Defendant has failed to tender payment of unpaid wages after their receipt of Plaintiff's demand for payment within the requisite statutory period and, therefore, Defendant has violated 26 M.R.S.A. §§621-A and 626-A.

35. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

36. Defendant's actions in violating the above named statutes were willful and not the result of mistake or inadvertence.

37. Pursuant to 26 M.R.S.A. §§626-A and 670, Plaintiff is entitled to all damages, including liquidated damages and costs of suit and attorneys' fees, for Defendant's failure to pay minimum wages in accordance with 26 M.R.S.A. §664 and after demand.

WHEREFORE, Plaintiff, by and through her counsel, respectfully requests that this Court enter judgment in her favor and against Defendant for an amount equal to Plaintiff's unpaid back wages; judgment that Defendant failed to make timely payment of wages owed after demand was made; an award which equals two times the unpaid wages as liquidated damages; a reasonable rate of prejudgment interest; all costs and attorneys' fees incurred in prosecuting these claims; for damages, liquidated damages, prejudgment interest, and all available civil penalties; for all such other legal and equitable relief available pursuant to applicable law; and for all such relief as the Court deems just and equitable.

### COUNT IV– Failure to Pay Wages Upon Cessation of Employment
### 26 M.R.S.A. §626

38. Plaintiff hereby repeats, realleges, and incorporates by reference the forgoing paragraphs 1-37 of this Complaint.

39. Plaintiff's employment with Defendant ended on March 11, 2010.

40. Plaintiff made demand upon Defendant for wages due upon cessation of employment pursuant to 26 M.R.S.A. §626, but Defendant failed to pay wages owed to Plaintiff in a timely basis after demand, in violation of 26 M.R.S.A. §626-A, entitling Plaintiff to all available statutory remedies including unpaid wages, liquidated damages, costs, interest and attorneys' fees.

WHEREFORE, Plaintiff, by and through her counsel, respectfully requests that this Court enter judgment in her favor and against Defendant for an amount equal to Plaintiff's unpaid

wages; judgment that Defendant failed to make timely payment of wages owed after demand was made; an award which equals two times the unpaid wages as liquidated damages; a reasonable rate of prejudgment interest; all costs and attorneys' fees incurred in prosecuting these claims; all available civil penalties, prejudgment interest; for all such other legal and equitable relief available pursuant to applicable law; and for all such relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts so triable.

DATED:  August 17, 2010                           RESPECTFULLY SUBMITTED,


/s/ James A. Clifford

James A. Clifford, Esq., Me. Bar No. 8630
LAW OFFICE OF JAMES CLIFFORD, LLC
4 Milk Street
Portland, Maine 04101
Tel: (207) 828-2005
jamesclifford@jamescliffordlaw.com

ATTORNEY FOR PLAINTIFF MISSI ESTES