UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MISSI ESTES,                                )
                                            )
    Plaintiff                            )
                                            )
v.                                          )   2:10-cv-00347-MJK
                                            )
PINELAND FARMS, INC.,                       )
                                            )
    Defendant                            )

**ORDER ON MOTIONS IN LIMINE**
**(Doc. Nos. 33 & 36)**

This matter is scheduled for jury trial to commence on January 23, 2012. Jury selection has been held and in accordance with the deadlines established in the Final Pretrial Order, each party has filed a motion in limine. I will address the motions in the order they were filed.

**1.    Defendant's Motion to Preclude Plaintiff's Testimony on Amount of Uncompensated Overtime Wages**

Estes has brought a claim alleging overtime wages are due to her under the United States Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), and/or Maine minimum wage law, 26 M.R.S.A § 664. Estes was a Pineland Farms employee from December 21, 2005, until March 11, 2010. Estes claims that she was not paid for roughly 1,000 hours of overtime work allegedly performed from January 1, 2006, through March 11, 2010. The basis for the motion is that Pineland asserts that Estes's estimate is entirely speculative; there is no factual foundation for her estimate of the number of allegedly uncompensated overtime hours. Pineland relies in large measure on a 1944 first circuit opinion, George Lawley & Son Corp. v. South, 140 F.2d 439, 441 (1st Cir. 1944) (requiring a plaintiff to produce "evidence definite enough to permit a finding without resort to guess or conjecture that [the employee] worked some particular number of hours.") Estes in turn argues that a 1946 case Anderson v. Mt. Clemens Pottery, Co., 328 U.S. 680, 686-87 (1946),

lowered the burden of proof in FSLA overtime wage cases and that, therefore, the Lawley opinion is no longer good law.

I am not convinced that the Anderson case is about "lowering" the burden of proof. That case simply allowed an action to proceed where the employee produces sufficient evidence to show the amount and extent of work performed as a matter of "just and reasonable inference," even in the absence of employer records documenting the hours of employment. Id. at 687. In that regard the outcome is similar to Lawley. It seems to me that by the plain meaning of the words, a "just and reasonable inference" must be based upon evidence rather than guesswork or speculation. Thus, I see nothing inherently inconsistent about the two cases. Whether Estes's evidence in this case supports such a just and reasonable inference is a closer question, but one that I am satisfied cannot be resolved in the context of this motion in limine.

The evidentiary presentation in this case apparently consists of some e-mails between employer and employee documenting some type of human resources/payroll work that Estes now claims was "off the books" and for which she has never been compensated. The evidence also consists of her own testimony that she worked, approximately, at least five hours per week of overtime every single week she worked. Based on the case law cited by both parties, there is no reason to exclude this testimony in limine. Indeed, it is in some respects similar to the type of testimony offered in Lawley and allowed by the court. Whether Estes's trial testimony will be sufficient as a matter of law to support a verdict based on a reasonable and just inference by factfinders cannot be resolved by this motion in limine. Estes will be allowed to offer the type of testimony outlined in the pleadings filed by the parties. Objections to the sufficiency of that testimony in terms of proving the violations are preserved and presumably will be made by the defendant at the appropriate time. The motion in limine to exclude the testimony is denied.

**2.     Plaintiff's Motion to Exclude Reference to MHRC Proceedings**

Most commonly this issue involves the exclusion of evidence relating to administrative proceedings offered for the purpose of proving that unlawful discrimination has occurred. It normally arises in the context of a defendant's objection to a plaintiff's attempt to introduce a right-to-sue letter containing a finding of reasonable grounds to believe that unlawful discrimination has occurred. See e.g., Patten v. Wal-Mart Stores East, Inc., 300 F.3d 21 (1st Cir. 2002). Other courts have excluded similar letters when offered by defendants containing a finding of no probable cause to believe that unlawful discrimination occurred. L'Etoile v. New Eng. Finish Sys., Inc., 575 F. Supp. 2d 331 (D. N.H. 2008). In either situation, the courts routinely exclude these letters when offered to prove it more likely than not that discrimination did or did not occur in the context of employment discrimination cases.

This case is not an employment discrimination case. It is a wage and hour case. Estes wants to be able to discuss her version of the facts surrounding her termination. Apparently she believes that she was discharged illegally as the result of some discriminatory conduct by the employer. How those allegations relate to her claim regarding overtime pay is not made immediately clear to me in the existing pleadings. I read the defendant's response to this motion to suggest that it does not intend to attempt to offer the administrative finding of no probable cause, unless Estes "opens the door" by suggesting that her termination was the result of some illegal motive on the part of her employer.

I can envision testimony that might indeed "open the door" to evidence of the plaintiff's failure to successfully pursue a remedy based on discriminatory discharge. But I cannot see the immediate relevance of this evidence as it relates to the case actually being tried. It appears to me that testimony surrounding the circumstances of discharge and subsequent administrative

proceedings would present a Federal Rule of Evidence 403 question based upon the probative value of the evidence versus its prejudicial effect. In order to make that assessment the evidence will have to be considered in the context of Estes's testimony. Estes will not be given a blank check to testify about her view of the circumstances surrounding her termination without running the risk that evidence about subsequent administrative proceedings might become relevant. However, I feel fairly certain that if any such testimony were allowed by me, it would not be to prove the lack of discriminatory intent in the termination decision. It might be admissible for other reasons, such as to show the plaintiff's state of mind when she brought the wage and hour suit or her bias toward Pineland, or for myriad other reasons depending on the testimony offered. My entry on this motion will be that it is granted to a limited extent, in that the defendant is not to mention administrative proceedings before the MHRC or the results thereof in front of the jury without first obtaining permission from me. However, if I am persuaded that Estes, when discussing the circumstances surrounding her termination, has opened the subject to further inquiry, I may allow some testimony about that proceeding to be offered.

***So Ordered.***

January 13, 2012 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge